## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No. 06-30321

KARI INGER OLSON
f/d/b/a PAWS AND CLAWS VETERINARY CENTER
a/k/a KARI INGER OLSON-IVENS

Debtor

SANDRA A. GABEL, individually
and on behalf of
PAWS 'N' CLAWS VETERINARY CENTER
A Partnership under Tennessee law

Plaintiffs

v.

Adv. Proc. No. 06-3087

KARI INGER OLSON

Defendant

### MEMORANDUM ON PLAINTIFFS'
### MOTION TO AMEND COMPLAINT

**APPEARANCES**:    F. D. GIBSON, III, ESQ.
400 Ellis Avenue
Maryville, Tennessee  37804
Attorney for Plaintiffs

LAW OFFICES OF MAYER & NEWTON
John P. Newton, Jr., Esq.
1111 Northshore Drive
Suite S-570
Knoxville, Tennessee  37919
Attorneys for Defendant/Debtor

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint to Determine Dischargeability of Debts Owed to Plaintiffs (Complaint) filed by the Plaintiffs on May 23, 2006, asking the court to award them a judgment against the Defendant/Debtor and to make a determination that the judgment is nondischargeable "under 11 U.S.C. § 523(a)."[1] On June 29, 2006, the Debtor filed an Answer, denying the Plaintiffs' allegations of fraud and raising affirmative defenses that the Plaintiffs had not pled fraud with particularity and that the Complaint fails to state a claim upon which relief could be granted. On August 17, 2006, the court held a scheduling conference, and the court entered a Pretrial Order on September 6, 2006, governing the trial of this adversary proceeding.

Presently before the court is the Motion to Amend Complaint (Motion to Amend) filed by the Plaintiffs on September 1, 2006, seeking to amend the Complaint to provide specific allegations of fraud and to allege a count against the Debtor under 11 U.S.C. § 523(a)(15) (2005). On September 25, 2006, the Debtor filed the Response of the Defendant, Kari Olson to Plaintiff's [sic] Motion to Amend (Response), arguing that the Motion to Amend should be denied because the Plaintiffs cannot assert a claim against her under § 523(a)(15) since that section is reserved for spouses, former spouses, or children of a debtor. The Debtor also argues that the Motion to Amend should be denied because the Pre Trial Order supplants the pleadings and governs the issues raised in this adversary proceeding, and it cannot be amended without a showing of manifest injustice.

---

[1] The Plaintiffs did not set forth the specific subsection of § 523(a) upon which they rely in support of their dischargeability action against the Debtor. The Pre Trial Order entered on September 6, 2006, however, grounds the Plaintiffs' claim on 11 U.S.C. § 523(a)(6).

The court held a hearing on the Motion to Amend on October 5, 2006, and reserved its ruling, which is now memorialized in this Memorandum and Order.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(I) (West 2006).

I

Prior to August 6, 2004, the Debtor and Ms. Gabel entered into an agreement and formed a partnership known as Paws 'N' Claws Veterinary Center (Center) to be located in Tellico Village in Loudon County, Tennessee.  Pursuant to the agreement, Ms. Gabel agreed to use her residence as collateral for an operating loan from Branch Banking & Trust (BB&T) in the amount of $45,000.00.  Additionally, Ms. Gabel, her husband, and the Debtor all executed personal guaranties for the BB&T loan.  Under the terms of the agreement, the Debtor was to receive a weekly guaranteed payment of $600.00 for August and September 2004, with the payments to increase to $800.00 per week beginning in October 2004.  Also beginning in October 2004, Ms. Gabel was to receive a guaranteed weekly payment of $300.00 from the Center as payment for accounting services and her capital contribution.  Under the agreement, Ms. Gabel also held a 30% interest in the Center until such time as the lien on her residence was satisfied, when the interest would decrease to 25%. The agreement also contained provisions whereby the Debtor could purchase Ms. Gabel's interest following payoff of the BB&T loan.

At some point, the partnership faltered, and the agreement was breached.  Subsequently, Ms. Gabel filed a civil action against the Debtor for dissolution of the partnership in the Circuit Court for Loudon County, Tennessee.  Following a hearing on July 26, 2005, the Loudon County Circuit

3

Court entered an Order on September 19, 2005, finding that, under the terms of the agreement, the

Debtor owed Ms. Gabel $9,000.00 for services rendered and capital provided and awarded a

judgment in that amount.  The Loudon County Circuit Court held a second hearing on October 26,

2005.  By its findings, memorialized in an Order entered on December 2, 2005 (Judgment), that

court: (1) reaffirmed the $9,000.00 judgment previously awarded to Ms. Gabel against the Debtor;

(2) required the Debtor to pay $100.00 per week to Ms. Gabel towards the $9,000.00 judgment; (3)

allowed the Debtor to use the capital collateral secured by Ms. Gabel's residence for three years,

until July 1, 2008, by which time the Debtor was required to have either paid the obligation owed

to BB&T on Ms. Gabel's residence or acquired alternate financing and held Ms. Gabel harmless; (4)

required the Debtor to pay Ms. Gabel $300.00 per week for use of the capital collateral, to be direct

deposited on the fifteenth and thirtieth of each month; (5)  required the Debtor to make the monthly

payments on the BB&T loan; (6) required the Debtor to maintain life insurance in an amount

sufficient to satisfy the BB&T loan; (7)  dissolved the parties' partnership effective June 30, 2005,

and required the Debtor to notify creditors thereof and to provide Ms. Gabel with tax returns for

2004 and 2005; (8) instructed the Debtor to ensure that Ms. Gabel was held harmless from debts and

liabilities of the partnership; (9)  allowed the Debtor to keep and use the name of the partnership; and

(10)  awarded attorney's fees and court costs in the event of breach by either party.  The Debtor did

not make any payments that were required under the Judgment to Ms. Gabel.

On February 24, 2006, the Debtor filed the Voluntary Petition commencing her Chapter 7

bankruptcy case.  She listed the debt owed to BB&T on Ms. Gabel's home as an unsecured debt in

the amount of $42,021.30.  Similarly, the Debtor listed the judgment in the amount of $9,000.00

owed to Ms. Gabel as an unsecured debt. The Complaint initiating this adversary proceeding and seeking a determination that the Judgment is nondischargeable under "§ 523(a)"[2] was timely filed on May 23, 2006. The Motion to Amend seeks to amend the Complaint to expand upon the Plaintiffs' allegations concerning fraud and to add a count under § 523(a)(15), whereby Ms. Gabel would step into the shoes of the Debtor's former spouse with respect to her agreement to hold him harmless in their recent divorce action with respect to the BB&T loan obligation.

## II

After a responsive pleading has been filed, a party may amend its pleadings only by leave of the court, which is governed by Federal Rule of Civil Procedure 15, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7015. As a general rule, leave to amend "shall be freely given when justice so requires[,]" as it is preferable to decide a case on its merits. FED. R. CIV. P. 15(a); *see also Joe Powell & Assocs., Inc. v. Int'l Tel. & Tel. Corp. (In re Joe Powell & Assocs., Inc.)*, 23 B.R. 329, 334 (Bankr. E.D. Tenn. 1982). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 83 S. Ct. 227, 230 (1962).

> Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be freely given when justice so requires. Fed. R. Civ. P 15(a). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated

---

[2] *See supra* n. 1.

5

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.

*Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

The Debtor opposes the Motion to Amend based upon the fact that a Pretrial Order has been entered, which supplants the pleadings and now governs, and upon futility. If a pretrial order has been entered by the court, any request to amend under Rule 15 must also be read in concert with Rule 16 of the Federal Rules of Civil Procedure, which is applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7016. Rule 16 was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting advisory committee's notes to FED. R. CIV. P. 16); *accord Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Under Rule 16, after the pretrial order is entered, "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." FED. R. CIV. P. 16(e). The court has discretion to amend a pretrial order, and relevant factors in the exercise of that discretion include: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)). Nevertheless, the Sixth Circuit "has held that a party's failure to advance a theory of recovery in a pretrial statement constitutes waiver of that theory." *Gregory v. Shelby County*, 220 F.3d 433, 442 (6th Cir. 2000); *see also Gold v. Nat'l City Home Loan Servs. (In re Hamama)*, 319 B.R. 851, 854 (Bankr. E.D. Mich. 2005).

The Pre Trial Order in this case was entered by the court on September 6, 2006, subsequent to a scheduling conference attended by the parties' counsel on August 17, 2006. The Pre Trial Order was prepared by the Plaintiffs' counsel and contains the electronic approval signatures of the parties' attorneys following the August 17, 2006 pretrial conference, at which they determined the issues to be set forth therein. The Pre Trial Order sets the trial date at November 6, 2006, with all discovery to be completed by October 6, 2006. The Pretrial Order also expressly provides that the Plaintiffs seek to have the Judgment "declared non-dischargeable under provisions of 11 U.S.C. 523(a)(6)" and "[t]he issue for the Court is whether or not the provisions of 11 U.S.C. 523(a)(6) prevent these debts and obligations from being subject to the discharge granted." The Plaintiffs now seek to amend the Complaint to state with more particularity the facts upon which they allege the Judgment is nondischargeable under § 523(a)(6) and to add a count under § 523(a)(15) based upon their contention that it could not assert this claim "until it was evident that [the Debtor's] ex-husband, had not filed."[3] They allege that under the doctrine of equitable subrogation, they can step into the shoes of the Debtor's former spouse to prosecute a § 523(a)(15) claim pursuant to hold harmless language their divorce decree entered pre-petition.

Although there is clearly no bad faith by the Plaintiffs, they have failed to show or even assert any facts to support a finding of the "manifest injustice" necessary to require the court to modify the Pretrial Order entered on September 6, 2006, which plainly set forth the relevant deadlines and the

---

[3] The Plaintiffs do not elaborate what they mean by "had not filed" although the court presumes it to mean that the Debtor's former spouse had not filed a complaint for the determination of dischargeability against the Debtor based upon § 523(a)(15), an action that, under the prior law, was required to be filed "no later than 60 days after the first date set for the meeting of creditors[.]" FED. R. BANKR. P. 4007(c). However, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 removed § 523(a)(15) from the limitations of § 523(c), whereby a complaint thereunder "may be filed at any time." FED. R. BANKR. P. 4007(a).

7

issues to be tried in this adversary proceeding.  All of the facts and circumstances that the Plaintiffs

required for asserting their causes of action against the Debtor were at their disposal when they filed

the Complaint.  With respect to the expanded averments concerning the § 523(a)(6) action, the

Defendant has filed an Answer, and the Pre Trial Order clearly states the statutory basis of the

Plaintiffs' action, and, at this point, any additional averments concerning fraud are not necessary

since the Debtor did not formally challenge the Complaint through Rule 9 of the Federal Rules of

Civil Procedure requiring averments of fraud to be pled with particularity. With respect to the

§ 523(a)(15) averments, under Sixth Circuit precedent, the failure to advance that theory in the

pretrial order constitutes a wavier thereof.

Moreover, "a motion to amend a complaint is properly denied if it fails to state a cause of

action and is therefore futile."  *Gen. Elec. Co. v. Advance Stores Co., Inc.*, 285 F. Supp. 2d 1046,

1048 (N.D. Ohio 2003) (quoting *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)) (other

citations omitted).  "'Futility' of amendment is shown when the claim or defense is not accompanied

by a showing of plausibility sufficient to present a triable issue.  Thus a trial court may appropriately

deny a motion to amend where the amendment would not withstand a motion to dismiss." *Quality*

*Botanical Ingredients, Inc. v. Triarco Indus., Inc. (In re Quality Botanical Ingredients, Inc.)*, 249

B.R. 619, 629 (Bankr. D.N.J. 2000); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th

Cir. 2003) ("[L]eave to amend may be denied where the amendment would be futile.").

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a

complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6)

(applicable in adversary proceedings pursuant to FED. R. BANKR. P. 7012(b)).  Under Rule 12(b)(6)

8

the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Nevertheless, even though all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the court should focus on "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)).

Pursuant to this standard, the court accepts as true all allegations in the Plaintiffs' proposed Amended Complaint. Nevertheless, the Plaintiffs have not stated any facts to support a finding by the court that they may step into the shoes of the Debtor's former spouse through equitable subrogation in order to properly maintain an action under § 523(a)(15). Tennessee courts define subrogation as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." *Bankers Trust Co. v. Collins*, 124 S.W.3d 576, 579 (Tenn. Ct. App. 2003) (quoting *Blankenship v. Estate of Bain*, 5 S.W.3d 647, 650 (Tenn. 1999)). "A right of subrogation may arise by contract ('conventional subrogation'), by application of equitable principles of law ('legal subrogation'), or by application of statute ('statutory subrogation')." *Blankenship*, 5 S.W.3d at 650. "Equitable [or

9

legal] subrogation is a 'legal fiction through which a person who pays a debt for which another is

primarily responsible is substituted or subrogated to all the rights and remedies of the other.'" *Fed.*

*Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 415 F.3d 487, 494 (6th Cir. 2005) (quoting

*Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735, 747 (6th Cir. 2005)); *see also Amos v. Cent.*

*Coal Co.*, 277 S.W.2d 457, 462 (Tenn. Ct. App. 1954).

Equitable subrogation "is founded on principles of justice and equity, and its operation is

governed by principles of equity." *Castleman Constr. Co. v. Pennington*, 432 S.W.2d 669, 674

(Tenn. 1968); *see also Wimberly v. Am. Cas. Co.*, 584 S.W.2d 200, 203 (Tenn. 1979). When

deciding whether to employ subrogation as a remedy, the court should balance the equities involved,

and the case must be "strong and clear." *Lawyers Title Ins. Corp. v. United Am. Bank*, 21 F. Supp.

2d 785, 792 (W.D. Tenn. 1998). The negligence of a party seeking subrogation is a factor to be

considered, along with any harm to be suffered by third parties if subrogation is allowed. *Dixon v.*

*Morgan*, 285 S.W. 558, 561-62 (Tenn. 1926). If "no one is injured by the mistake other than the

party himself, . . . relief may be granted, even though a high degree of care has not been exercised."

*Dixon*, 285 S.W. at 562.

The Plaintiffs ask the court to allow them, under the doctrine of equitable subrogation, to step

into the shoes of the Debtor's former spouse and prosecute a cause of action under § 523(a)(15). The

nondischargeability of debts is governed by 11 U.S.C.A. § 523, which provides, in material part that

a discharge under Chapter 7 does not discharge debts owed "to a spouse, former spouse, or child of

the debtor and not of the kind described in paragraph (5)[⁴] that is incurred by the debtor in the

course of a divorce or separation or in connection with a separation agreement, divorce decree or

other order of a court of record[.]"  11 U.S.C. § 523(a)(15).  The party seeking a determination of

nondischargeability bears the burden of proving the necessary elements by a preponderance of the

evidence, *Grogan v. Garner*, 111 S. Ct. 654, 661 (1991), and § 523(a) is construed liberally in favor

of debtors.  *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th

Cir. 1998);  *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003).

---

[⁴] Section 523(a)(5) states that "domestic support obligations" are not discharged.  11 U.S.C. § 523(a)(5) (2005).
The Bankruptcy Code defines "domestic support obligations" as follows:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date
> of the order for relief in a case under this title, including interest that accrues on that debt as provided
> under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> > (A) owed to or recoverable by—
> >
> > > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal
> > > guardian, or responsible relative; or
> > >
> > > (ii) a governmental unit;
> >
> > (B) in the nature of alimony, maintenance, or support (including assistance provided by a
> > governmental unit) of such spouse, former spouse, or child of the debtor or such child's
> > parent, without regard to whether such debt is expressly so designated;
> >
> > (C) established or subject to establishment before, on, or after the date of the order for relief
> > in a case under this title, by reason of applicable provisions of—
> >
> > > (i) a separation agreement, divorce decree, or property settlement agreement;
> > >
> > > (ii) an order of a court of record; or
> > >
> > > (iii) a determination made in accordance with applicable nonbankruptcy law by a
> > > governmental unit; and
> >
> > (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily
> > by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or
> > responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (2005).

The Plaintiffs have acknowledged that there is no statutory basis for applying equitable subrogation in the context of a § 523(a)(15) action, nor are there any prior cases in which this theory has been applied.  The court must presume that the Plaintiffs make their request through § 105(a), which defines the court's equitable powers as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (2005).  Section 105 provides bankruptcy courts with the ability and "power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (quoting 2 COLLIER ON BANKRUPTCY ¶ 105-5 to -7 (Lawrence P. King ed., 15th ed. 1999)).  Nevertheless, "§ 105(a) is not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code." *In re Rose*, 314 B.R. 663, 681 n.11 (Bankr. E.D. Tenn. 2004) (citations omitted).

> The Court's powers under this section are broad but not unlimited.  "While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules."

*Viking Assocs., LLC v. Drewes (In re Olson)*, 120 F.3d 98, 102 (8th Cir. 1997) (quoting *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987)).  Instead, the court may only use § 105 "in furtherance of the goals of the [Bankruptcy] Code." *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 725 (6th Cir. 1991).

12

In this case, however, the court cannot, under the guise of § 105(a), "create" a right of action where one does not exist, and the Plaintiffs cannot proceed against the Debtor under § 523(a)(15). This subsection applies "only to obligations owed by the debtor directly to a spouse, former spouse, or child 'in connection with' a divorce decree, separation agreement, or related court order," *McCracken v. LaRue (In re LaRue)*, 204 B.R. 531, 534 (Bankr. E.D. Tenn. 1997), and causes of action thereunder "can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that are owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement." *Pierce v. Pierce (In re Pierce)*, 323 B.R. 21, 29 (Bankr. D. Conn. 2005) (quoting 140 Cong. Rec. H10752-01, at *H10770 (Oct. 4, 1994)). This is the majority opinion both within the Sixth Circuit and among bankruptcy courts, based in large part upon the clear legislative intent that "this exception [to discharge] applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation." *Estate of Bryant v. Bryant (In re Bryant)*, 260 B.R. 839, 846 (Bankr. W.D. Ky. 2001) (quoting 140 Cong. Rec. H10752, at *10770) (holding that the probate estate of a debtor's former spouse lacks standing to proceed under § 523(a)(15) against the debtor); *see also Beggs v. Niewdach (In re Beggs)*, 314 B.R. 401, 417 (Bankr. E.D. Ark. 2004) (same with respect to a debtor's step-daughter);; *Brian M. Urban Co., L.P.A. v. Wenneman (In re Wenneman)*, 210 B.R. 115, 119 (Bankr. N.D. Ohio 1997) (same with respect to a debtor's divorce attorneys).

Thus, even assuming the facts set forth in the Amended Complaint are true, the Plaintiffs do not have standing to prosecute an action against the Debtor under § 523(a)(15), since they are

neither the spouse, former spouse, or dependent of the Debtor.  And, because the court finds that the

Amended Complaint would not survive a Rule 12(b)(6) motion to dismiss with respect to the claim

under § 523(a)(15), and the expanded averments with respect to the § 523(a)(6) claim have not been

formally challenged and are not necessary, it would be futile to allow the amendment.  Therefore,

for the foregoing reasons, the Motion to Amend filed by the Plaintiff on September 1, 2006, shall

be denied.

        An order consistent with this Memorandum will be entered.


FILED:  October 19, 2006

                                        BY THE COURT

                                        /s/  RICHARD STAIR, JR.

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE

14